**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BISHME SMITH,

                    Plaintiff,

                                                    5:25-CV-1077
          v.                                        (MAD/DJS)

CLARENCE SMITH, *et al.*,

                    Defendants.
_____

**APPEARANCES:**

BISHME SMITH
Plaintiff, *Pro Se*
Syracuse, New York 13261

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

Plaintiff Bishme Smith has moved for a transfer of venue of this matter to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).  Dkt. No. 9, Mtn. to Transfer Venue at p. 1.  For the reasons that follow, Plaintiff's Motion to Transfer Venue is denied.

## I. PROCEDURAL HISTORY

This case centers around Family Court proceedings involving Plaintiff's minor child, B.S.  *See generally* Dkt. No. 10, Am. Compl.  Plaintiff generally alleges that Defendant Julia A. Cerio, Onondaga County Family Court Judge, engaged in judicial bias and had a conflict of interest by maintaining personal friendships with Defendants

Heather A. Vincent, Robin C. Zimpel, and Michael J. Kerwin, attorneys who participated in litigation before Defendant Cerio concerning Plaintiff's custodial rights to B.S.  Mtn. to Transfer Venue at p. 2.  Additionally, Plaintiff alleges that the Family Court issued a series of *ex parte* dismissals, denied Plaintiff's discovery requests, and entered improper custodial orders without Plaintiff's participation.  *Id*.

## II.  STANDARD FOR TRANSFER OF VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "The purpose of section 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Chandler v. Skipper*, 2025 WL 2442890, at *7 (N.D.N.Y. Aug. 25, 2025) (quotations omitted).  "Whether to transfer a case is within a court's discretion."  *Id*. (citation omitted).  "The party seeking transfer bears the burden of establishing in the pleadings and affidavits the conditions necessary to justify transfer."  *Id*. (quotations omitted).

In considering whether to transfer venue, "the court must first decide whether the transferee forum is one where the action could have been brought."  *Dixon v. Fischer*, 2008 WL 141786, at * 1 (N.D.N.Y. Jan. 11, 2008) (citations and quotation omitted).  "[A]n action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the

transferee court.'" *Guardian Life Insurance Company of America v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024) (citations and quotations omitted).

Venue in civil actions is governed by 28 U.S.C. § 1391, which provides that venue is considered proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

### III. DISCUSSION

Initially, the Court notes that Plaintiff could not have brought this action in the Southern District of New York because venue would not be proper in the Southern District of New York. *See, e.g.*, *Kampfer v. Scullin*, 989 F. Supp. 194, 198 (N.D.N.Y. 1997). First, while all Defendants named in the Amended Complaint are alleged to reside or have their principal place of business in New York, none of the Defendants are alleged to reside or have their principal place of business in the Southern District of New York. *See* Am. Compl. at pp. 2-5; *see, e.g.*, *Rogers v. Clinton*, 2019 WL 3469462, at *4 (N.D.N.Y. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 3454099 (N.D.N.Y. July 31, 2019). Rather, all Defendants are alleged to reside or have their principal place of business in Syracuse, New York, *see* Am. Compl. at pp. 2-5, which is within the Northern District of New York.

Second, it does not appear that any of the events and omissions giving rise to Plaintiff's claims occurred in the Southern District of New York. *See generally* Am. Compl. To the contrary, a substantial part of the events and omissions giving rise to Plaintiff's claims are alleged to have taken place in Onondaga County, namely at the Onondaga County Family Court, which is located within the Northern District of New York. *See id.*; *see, e.g.*, *Swinea v. Peters*, 2025 WL 1470840, at \*4 (N.D.N.Y. May 22, 2025), *report and recommendation adopted*, 2025 WL 1819710 (N.D.N.Y. July 2, 2025) (holding that "venue may be proper under section 1391(b)(2)" and "declin[ing] to recommend transfer" because "it appears at least some of the custody matters . . . were entered within a court in this state and District").

At this stage of the proceeding, the Northern District of New York is presumably a proper venue for this action because all of the Defendants are alleged to reside or have their principal place of business in the Northern District of New York and a substantial part of the events and omissions underlying Plaintiff's claims are alleged to have occurred in the Northern District of New York. *See* Am. Compl. at pp. 2-6.

Accordingly, Plaintiff's motion to transfer venue is denied.

## IV. CONCLUSION

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion to Transfer Venue to the Southern District of New York (Dkt. No. 9) is **DENIED** as set forth above; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Date:  December 16, 2025
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge