UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BISHME SMITH,

                                            **Plaintiff,**

   vs.                                                    5:25-CV-1077
                                                                 (MAD/DJS)

CLARENCE SMITH, et al.,

                                            **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

**BISHME SMITH**
PO Box 7063
Syracuse, New York 13261
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On August 12, 2025, *pro se* Plaintiff Bishme Smith commenced this action against Clarence J. Smith ("Defendant Smith"), Yolanda King ("Defendant King"), Anthony Mangovski, Esq. ("Defendant Mangovski"), and Heather A. Vincent, Esq. ("Defendant Vincent") (collectively, "Defendants"), bringing nine identifiable claims, including claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, one claim pursuant to 42 U.S.C. § 1985, and pendent state law claims. *See* Dkt. No. 1.

      On September 15, 2025, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order (the "R&R"), recommending that (1) Plaintiff's complaint be dismissed with prejudice as to Plaintiff's constitutional claims against Defendant Mangovski and

1

Defendant Vincent; (2) Plaintiff's complaint be dismissed without prejudice and with leave to amend as to Plaintiff's constitutional claims against Defendant Smith and Defendant King; and (3) the Court decline to exercise its supplemental jurisdiction over Plaintiff's causes of action arising under state law. *See* Dkt. No. 6 at 4-9. Magistrate Judge Stewart also granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). *See id.* at 1. On September 19, 2025, Plaintiff filed objections to the R&R (the "Objections"). *See* Dkt. No. 7.

On September 19, 2025, Plaintiff also filed an amended complaint as of right, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. *See* Dkt. No. 10. The amended complaint appears to have significant additions to the allegations contained in Plaintiff's original complaint. Notably, the amended complaint is fourteen pages longer, and adds at least eight Defendants as well as nine additional labeled causes of action. *Compare* Dkt. No. 1 *with* Dkt. No. 10.

Additionally, on September 19, 2025, Plaintiff filed an Emergency Motion for Preliminary Injunction and Emergency Motion for Temporary Restraining Order. *See* Dkt. No. 8. The Court denied Plaintiff's emergency motion, and, on September 30, 2025, Plaintiff filed a motion for reconsideration. *See* Dkt. Nos. 11, 12.

For the reasons that follow, the R&R is adopted in its entirety, the amended complaint is referred to Magistrate Judge Stewart for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e), and Plaintiff's motion for reconsideration of this Court's Order denying his Emergency Motion for Preliminary Injunction and Emergency Motion for Temporary Restraining Order is denied.

## II. BACKGROUND

For a summary recitation of the background, the parties are referred to the R&R. *See* Dkt. No. 6 at 2.

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To be 'specific', the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citation and footnote omitted). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "[a] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Court is obligated to "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (internal quotation marks omitted).

In general, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation and internal quotation marks omitted).  In addition, the court should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had the opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original).  An opportunity to amend, however, is not required where "'the problem with plaintiff's cause of action is substantive' such that 'better pleading will not cure it.'" *Townsend v. Pep Boys, Manny Moe and Jack*, No. 1:13-CV-293, 2014 WL 4826681, *2 (N.D.N.Y. Sept. 29, 2014) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

B.     **Objections to R&R**

In the R&R, Magistrate Judge Stewart's conclusions are confined to three categories: (1) for purposes of the § 1983 claims, the complaint fails to allege that any Defendants acted under the color of state law; (2) for purposes of the § 1985 claim, the complaint fails to allege any racial or class-based animus; and (3) because Plaintiff has failed to state a claim arising under federal law or allege complete diversity of the parties, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* Dkt. No. 6.

Plaintiff's submission sets forth five objections, through which he requests that the Court reject the R&R: (1) that, as a matter of law, court-appointed attorneys act under the color of state law "when they make statements in a governmental adjudicative context"; (2) that participation in an Attorney Grievance Committee proceeding is a "governmental action" which satisfies the state action requirement for a § 1983 claim; (3) his act of filing a grievance with the Attorney

Grievance Committee was protected under the First Amendment; (4) his defamation *per se* claim was properly pleaded; and (5) he has a procedural right to amend his pleading under Fed. R. Civ. P. 15(a)(1). *See* Dkt. No. 7 at 1.

As such, Plaintiff raises only a single objection that touches on the substance of Magistrate Judge Stewart's recommendations: whether Defendants Mangovski and Vincent acted under the color of state law. However, based on the following analysis, the Court finds that Plaintiff's single relevant objection does not require this Court to engage in *de novo* review of the R&R because the objection is premised on fictitious case law.

### 1. *Indicia of Generative Artificial Intelligence ("GenAI") Usage*

Upon thorough review, the Objections appear to be drafted in a distinctive style and syntax characteristic of text generated by an artificial intelligence program. Most notably, Plaintiff supports his individual objections with a section heading titled, "Legal Standard." *See* Dkt. No. 7 at 2. This section contains case citations, together with concise statements of legal doctrine, intended to support Plaintiff's substantive objections in the succeeding argument section. *Id*. at 2-3. For example, Plaintiff cites to, "*In re D.C. Judicial Conflicts of Interest*, 540 F.2d 711 (D.C. Cir. 1976)"; "*In re B.W.*, 352 F.3d 29 (2d Cir. 2003)"; and "*Wilkinson v. United States*, 13 F.3d 855 (2d Cir. 1994)." *Id*. at 2. However, these cases do not exist.

Indeed, there does not exist a federal case by the name "*In re D.C. Judicial Conflicts of Interest*." Moreover, the citation provided by Plaintiff, "540 F.2d 711," is invalid; the closest case in the reporter, *Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699 (4th Cir. 1976), is an unrelated matter involving race-based employment discrimination. The same is true for "*In re B.W.*" and "*Wilkinson*": these cases do not appear to exist and the claims, defenses, and other legal issues analyzed in the cases with similar or identical reporter citations do not relate, even

5

remotely, to the issues at hand. *See, e.g.*, *Federal Refinance Co. Inc., v. Klock*, 352 F.3d 16 (1st Cir. 2003) (the case closest to the citation "352 F.3d 29" which is entirely irrelevant to the present issues); *United States v. Boutte*, 13 F.3d 855 (5th Cir. 1995) (the actual case at "13 F.3d 855," a criminal action that has nothing to do with the matter at hand).

Plaintiff's citation to fictitious cases appears to be the result of GenAI "hallucinations" where "false 'facts' [are] generated by GenAI systems and can occur due a number of issues, including incomplete or inaccurate data sets, confusing or misworded prompts, or answers that are irrelevant to a given question." Zach Warren, *GenAI hallucinations are still pervasive in legal filings, but better lawyering is the cure*, Thomas Reuters (Aug. 18, 2025), https://www.thomsonreuters.com/en-us/posts/technology/genai-hallucinations/.  "It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed.Cl. 163, 169 (2025). The present matter is, unfortunately, no exception.

In sum, the "legal standards" cited by Plaintiff reference either non-existent cases or existing cases that, by no reasonable interpretation, support or accurately address the objections raised.  Federal statute allows for judicial review of timely made objections to a magistrate judge's report and recommendation.  *See* 28 U.S.C. § 636(b)(1).  However, meaningful judicial review on the merits of an objection cannot be undertaken when the arguments advanced rely upon nonexistent or fabricated law.  Indeed, the Second Circuit has explained that filings which contain "[a] fake opinion [that] is not existing law," do "not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023))

6

(internal quotation marks omitted). And, further, "[a]n attempt to persuade a court . . . by relying on fake opinions is an abuse of the adversary system." *Id.* (quoting *Mata*, 678 F. Supp. 3d at 461) (internal quotation marks omitted).

For these reasons, the Court finds the Objections to be frivolous, without merit, and insufficient to raise specific objections that warrant *de novo* review of the R&R. The R&R will, therefore, be reviewed under the clear error standard.

### 2. Review of the R&R

After carefully reviewing the entire record and the relevant filings, the Court discerns no clear error in Magistrate Judge Stewart's R&R. Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. Accordingly, the R&R is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following analysis.

The amended complaint appears, in part, to be an attempt to correct the deficiencies in the complaint identified by Magistrate Judge Stewart. Plaintiff was entitled to file an amended complaint one time without the opposing parties' written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(1). The amended complaint supersedes and replaces the original complaint, rendering it of no legal effect. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("'It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect'") (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). As such, the amended complaint must be reviewed to determine whether Plaintiff has corrected the pleading defects identified by Magistrate Judge Stewart. Moreover, the amended complaint asserts an array of new claims against new parties, based on theories that were not present in the original complaint; these claims must be analyzed to determine whether they are

plagued by similar or other pleading defects. Accordingly, the Court will recommit the matter to Magistrate Judge Stewart so he can analyze the claims in the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

C.  **Motion for Reconsideration**

The Court denied Plaintiff's Emergency Motion for Preliminary Injunction and Emergency Motion for Temporary Restraining Order pursuant to *Younger* abstention and because Plaintiff did not state adequate grounds for an injunction against non-parties pursuant to Rule 65 of the Federal Rules of Civil Procedure. *See* Dkt. No. 11. Plaintiff now seeks reconsideration. *See* Dkt. No. 12.

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citations omitted). "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 Fed. Appx. 10 (2d Cir. 2011) (citations omitted).

In his motion for reconsideration, Plaintiff seeks the same relief on nearly identical grounds to those raised in his original motion. *See* Dkt. No. 12. The Court reiterates that, as a

8

matter of public policy, federal courts must "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)); *see also Phillips v. Schenectady Cnty. Child Support Unit*, No. 1:24-CV-853, 2025 WL 895035, *5-7 (N.D.N.Y. Mar. 24, 2025), *report and recommendation adopted*, 2025 WL 1191320 (N.D.N.Y. Apr. 24, 2025), *appeal dismissed* (Sept. 18, 2025) (recognizing that abstention is necessary when federal court action would interfere with an ongoing child custody matter in family court or state court). As Plaintiff asks this Court to stay, vacate, or otherwise interfere with custodial, guardianship, and juvenile delinquency proceedings, the Court must abstain from jurisdiction.

Plaintiff has not met the strict standards for reconsideration and, therefore, his motion is denied.

The Court also notes that Plaintiff's motion for reconsideration is rife with mis-citations and appears to be in the same distinctive style and syntax characteristic of text generated by an AI program. *See* Dkt. No. 12. For example, none of the citations under the heading "Controlling Case Law" are correct. *See id.* at 4-5. Upon further investigation, there do appear to be Northern District cases by the name of "*Bennett v. Mnuchin*" and "*Keir v. Schoeberl*"; however, the citations provided by Plaintiff ("2020 WL 3214565" and "2025 WL 1123456," respectively) are entirely incorrect. *See Bennett v. Mnuchin*, No. 6:20-CV-00243, 2020 WL 4432662 (N.D.N.Y. July 31, 2020); *Keir v. Schoeberl*, No. 1:25-CV-056, 2025 WL 437953 (N.D.N.Y. Feb. 7, 2025). Although these cases are relevant to motions for reconsideration and are not entirely fictious, Plaintiff has continued to waste judicial resources with his repeated mis-citation of legal authority.

### D.  Warning Regarding Sanctions for Abuse of the Adversary System

As a final matter, the Court must address potential penalties that may be imposed in the future if Plaintiff continues to file papers riddled with GenAI misuse and/or fictional caselaw. Rule 11(b)(2) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

A party may be sanctioned under Rule 11 for frivolous arguments that "constitute . . . [an] abuse of the adversary system." *Salovaara v. Eckert*, 222 F.3d 19, 34 (2nd Cir. 2000). Although "a document filed *pro se* is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted), "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quotation omitted). "[C]ourts afford *pro se* litigants considerable leeway, [but] that leeway does not relieve *pro se* litigants of their obligation under Rule 11 to confirm the validity of any cited legal authority." *Sanders*, 176 Fed.Cl. at 169 (citation omitted).

The purpose of Rule 11, which applies to *pro se* litigants, is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  A legal filing "built on AI-generated cases that stand for legal propositions in direct contravention of actual case law . . . is the epitome of baseless," and patently violates Rule 11. *Sanders*, 176 Fed.Cl. at 169.

Some federal courts have sanctioned *pro se* litigants under Rule 11 for filing submissions that included hallucinated, AI-generated case citations. *See, e.g.*, *Ferris v. Amazon.com Services,*

*LLC*, 778 F. Supp. 3d 879, 881-82 (N.D. Miss. 2025) (finding the payment of defense's legal fees to respond to a filing appropriate sanction for *pro se* plaintiff's use of AI-generated case law in submission).  However, in light of the novel implications of GenAI use in legal practice and the liberal construction typically afforded to *pro se* litigants, other courts have deemed it more appropriate to issue a firm warning concerning the submission of hallucinated caselaw rather than impose Rule 11 sanctions in the first instance.  *See Kruglyak v. Home Depot U.S.A. Inc.*, 774 F. Supp. 3d 767, 772 (W.D. Va. 2025) (finding a warning, rather than sanctions, was appropriate for *pro se* litigant's use of GenAI in submissions given a lack of subjective bad faith).

      This Court finds the latter approach more appropriate and hereby directs Plaintiff to refrain from any further use of hallucinated or fabricated caselaw in submissions before the Court.  Plaintiff has now been made aware of risks of using AI, and is on notice that he may be subject to sanctions should he cite fake, AI-generated legal authority again.  Accordingly, Plaintiff is advised that any filings with citations to nonexistent cases may result in sanctions, including his filings being stricken, the imposition of filing restrictions, monetary penalties, or dismissal of this action.  *See Dukuray v. Experian Info. Sols.*, No. 23 CIV. 9043, 2024 WL 3812259, *12 (S.D.N.Y. July 26, 2024), *report and recommendation adopted*, 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024) (issuing similar warning to *pro se* plaintiff).

### IV. CONCLUSION

      After carefully considering Plaintiff's submissions, the R&R, other relevant filings, and the applicable law, the Court hereby

    **ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

    **ORDERS** that Plaintiff's amended complaint (Dkt. No. 10) is deemed the operative pleading in this action; and the Court further

    **ORDERS** that Plaintiff's amended complaint (Dkt. No. 10) is referred to Magistrate Judge Stewart for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e); and the Court further

    **ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 12) is **DENIED**; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 22, 2025
       Albany, New York

/s/ Mae A. D'Agostino
Mae A. D'Agostino
U.S. District Judge